**The STATE of Texas, Appellant,**

**v.**

**Michael Scott WATSON, Appellee.**

**No. 2–88–124–CR.**

Court of Appeals of Texas,
Fort Worth.

Dec. 1, 1988.

Jerry Cobb, Crim. Dist. Atty., and Gwinda Burns, Asst. Crim. Dist. Atty., Denton, for appellant.

Fred Marsh, Denton, for appellee.

Before FENDER, C.J., and KELTNER and LATTIMORE, JJ.

## OPINION

KELTNER, Justice.

The issue in this case is whether the State is entitled to appeal the trial court's granting of a motion to suppress during a trial on the merits in a case in which a mistrial was subsequently granted. We hold that the State is not entitled to appeal this case and therefore, we dismiss the appeal.

The State claims to be entitled to bring this appeal under article 44.01(a)(5) of the Texas Code of Criminal Procedure, which provides:

(a) The state is entitled to appeal an order of a court in a criminal case if the order:

(5) grants a motion to suppress evidence, a confession, or an admission, if jeopardy has not attached in the case and if the prosecuting attorney certifies to the trial court that the appeal is not taken for the purpose of delay and that the evidence, confession, or admission is of substantial importance in the case.

TEX.CODE CRIM.PROC.ANN. art. 44.-01(a)(5) (Vernon Supp.1988).

This case arose out of a prosecution of Michael Scott Watson for driving while intoxicated. Before the case was called to trial, a pre-trial hearing was conducted on Watson's motion to suppress evidence of oral and written statements, and intoxilyzer results. At the pre-trial hearing, Watson produced evidence that he was not videotaped during the *Miranda* warnings, statutory warnings, and intoxilyzer tests. Watson contended that it was D.P.S. policy not to videotape persons who agreed to submit to the intoxilyzer test; but, it was their policy to videotape those who refused the test. He argued this procedure had the

effect of destroying potentially exculpatory evidence.

The arresting officer, Ronald Butler, denied that such a policy existed. He also testified that the videotape machine was broken on the night of the arrest. The trial court overruled the pre-trial motion to suppress. Several months later, the case proceeded to trial. Officer Butler testified to the facts surrounding the event, and once again, denied there was any policy in regard to videotaping DWI suspects. However, a court reporter from another court was called to read Officer Butler's testimony from another case. In that case, Officer Butler testified that it was the D.P.S. custom not to videotape DWI suspects who took an intoxilyzer test. However, if the suspect refused an intoxilyzer test, he was videotaped.

A number of other witnesses were called on this issue and their testimony was in conflict. After hearing all the witnesses, the judge reversed his ruling on the motion to suppress and suppressed evidence of everything that happened from the time Watson was taken to the location of the videotape until he was released. This included evidence of the intoxilyzer test. The court further found that it was the policy of law enforcement entities in Denton County not to videotape DWI suspects who submitted to a breath test and failed.

Since the intoxilyzer warnings had previously been introduced, the court granted Watson's motion for mistrial. The court proposed to quickly select another jury and proceed to trial. However, the State filed a notice of appeal and obtained a stay of the proceedings from this court.

The State argues that the court's order granting Watson's motion to suppress during the trial serves as a pre-trial order suppressing evidence in a subsequent trial. Therefore, the State concludes that it may appeal under article 44.01(a)(5) because the motion to suppress has been granted, jeopardy has not attached, the prosecuting attorney has certified to the trial court that the appeal is not taken for purposes of

**4**

delay, and the evidence is of substantial importance in the case.

*We disagree.*

At the outset, once a motion for mistrial is granted, either party to the case is free to make any pre-trial motions it deems necessary. Our record reflects that neither party has attempted to make any pre-trial motions after the motion for mistrial was granted. As a result, the trial court has not been given an opportunity to rule on any pre-trial motions that Watson or the State might file.

More importantly, the State's brief reveals that the State seeks relief from actions of the trial court which occurred during the trial. Specifically, the State asks us to "enter a finding" that the trial court abused its discretion in granting a motion to suppress after the State had rested its case and in considering a motion to suppress during trial on the merits.

The language of article 44.01(a)(5) does not contemplate that the State's appeal of a pre-trial ruling would involve regulating the trial court's conduct during trial. Nonetheless, during oral argument, the State argued that trial judges might delay ruling on motions to suppress until the trial on the merits to avoid the State's pre-trial appeal of a motion to suppress. This contention is not contained in the State's brief. Additionally, we can find no evidence in the record to support this attack on the trial court's motives. To the contrary, the record reflects that the trial court reversed its pre-trial ruling only after hearing evidence, not introduced in the pre-trial hearing, that tended to impeach Officer Butler's testimony at the pre-trial hearing. As a result, we reject the State's contention.

We do not address the issue of whether the trial court erred in granting the motion to suppress.

Watson argues that the only purpose of the State's appeal was to delay retrial of the defendant. As a result, he asks us to enter a judgment of acquittal or order that the case be dismissed because of due process violations. We decline to enter such orders. We hold the State is not entitled to appeal in this case and therefore, dismiss

the appeal and dissolve our previous stay order.